John E. Kiley (JK-1711)
Christopher J. Collins (CC-3407)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JAMES WHIPPLE,<br><br>        Plaintiff,<br><br>-against-<br><br>C.E. UNTERBERG TOWBIN INC., a<br>Delaware corporation, and,<br><br>COLLINS STEWART INC., a<br>Delaware corporation,<br><br>        Defendants. | 07 Civ. 10709 (SAS)<br><br>**ANSWER** |

---

Defendants, C.E. Unterberg, Towbin, LLC ("CEUT, LLC") incorrectly identified in the caption as "C.E. Unterberg Towbin Inc.," and Collins Stewart Inc. ("Collins Stewart Inc."), through their undersigned counsel, Kelley Drye & Warren LLP, as and for their Answer to the Complaint of Plaintiff James Whipple ("Plaintiff" or "Whipple"), hereby state as follows:

    1.    Deny the allegations set forth in Paragraph 1 of the Complaint, except admit that Plaintiff purports to state claims under the statutes cited therein.

    2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2(a) of the Complaint, except admit that Plaintiff was previously employed by CEUT, LLC, and deny that Plaintiff was ever an employee of either C.E. Unterberg Towbin Inc. or Collins Stewart Inc. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2(b) of the Complaint.

NY01/COLLCH/1259759.1

3. Deny the allegations set forth in paragraph 3(a) of the Complaint, except admit that CEUT, LLC is a Delaware limited liability corporation. Deny the allegations set forth in paragraph 3(b) of the Complaint, except admit that Collins Stewart Inc. purchased all issued and outstanding shares of C.E. Unterberg, Towbin Holdings, Inc. (then parent of CEUT, LLC) on July 16, 2007 for a total consideration of over $31 million.

4. Deny the allegations set forth in paragraph 4 of the Complaint, except admit that CEUT, LLC is an employer within the meaning of the cited statutes, and specifically deny that C.E. Unterberg Towbin Inc. ever employed Plaintiff.

5. Deny the allegations set forth in paragraph 5(a) of the Complaint, except admit that Collins Stewart Inc. is a Delaware corporation with headquarters in New York County, State of New York, and is a wholly owned subsidiary of Collins Stewart plc, a London-based financial services company registered in England. Deny the allegations set forth in paragraph 5(b) of the Complaint, except admit that Collins Stewart Inc. purchased all issued and outstanding shares of C.E. Unterberg, Towbin Holdings, Inc. (parent of CEUT, LLC) on or about July 16, 2007 for a total financial consideration of over $31 million.

6. Deny the allegations set forth in paragraph 4 of the Complaint, except admit that Collins Stewart Inc. is an employer within the meaning of the cited statutes, and specifically deny that Collins Stewart Inc. ever employed Plaintiff.

7. Deny the allegations set forth in paragraph 7 of the Complaint, except admit that Plaintiff asserts that the matter in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

8. Deny the allegations set forth in paragraph 8 of the Complaint, except admit that Plaintiff asserts that the Court has jurisdiction over this case based upon diversity of citizenship and amount pursuant to 28 U.S.C. § 1332(a)(1).

9. Deny the allegations set forth in paragraph 9 of the Complaint, except admit that Plaintiff asserts that venue lies in this Court pursuant to 28 U.S.C. § 1391(b).

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Deny the allegations set forth in paragraph 11 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff's prior employment with Lehman Brothers, Donaldson Lufkin Inc. and Bear Stearns Inc.

12. Deny the allegations set forth in paragraph 12 of the Complaint, except admit Plaintiff began his employment with C.E. Unterberg Towbin, LP ("CEUT, LP") in 1999 as Vice President, Sales Trader.

13. Deny the allegations set forth in paragraph 13 of the Complaint, except admit that Plaintiff was promoted to Head of Sales Trading at CEUT, LP in or about 2003.

14. Deny the allegations set forth in paragraph 14 of the Complaint.

15. Deny the allegations set forth in paragraph 15 of the Complaint, except admit that Plaintiff obtained equity shares in CEUT, LP in 1999 and made an initial capital contribution.

16. Deny the allegations set forth in paragraph 16 of the Complaint, except admit in or about 2002 or 2003, Plaintiff made an additional capital contribution to CEUT, LLC.

17. Deny the allegations set forth in paragraph 17 of the Complaint, except admit that in or about 2002, Plaintiff held a 2.51% partnership interest in CEUT, LLC and served on CEUT, LLC's management committee.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, except admit that in or about 2004 or 2005 Plaintiff advised CEUT, LLC President Andrew Arno that he had been diagnosed with cancer.

19. Deny the allegations set forth in paragraph 19 of the Complaint, except admit that in or about January 2005 Plaintiff's position became Sales Trader.

20. Deny the allegations set forth in paragraph 20 of the Complaint, except admit that in or about 2005 Plaintiff ceased to be a member of CEUT, LLC's management committee.

21. Deny the allegations set forth in paragraph 21 of the Complaint, except admit that in or about early 2005 Plaintiff's job responsibilities changed and he assumed responsibilities with respect to, among other things, CEUT, LLC's private client services.

22. Deny the allegations set forth in paragraph 22 of the Complaint.

23. Deny the allegations set forth in paragraph 23 of the Complaint.

24. Deny the allegations set forth in paragraph 24 of the Complaint, except admit that CEUT, LLC hired Gregory Malik in or about March 2004 as a Managing Director and that Malik had been previously employed by CEUT, LP from June 1994 to August 1999.

25. Deny the allegations set forth in paragraph 25 of the Complaint, except admit that in or about January 2005, Gregory Malik assumed responsibility for Sales Trading at CEUT, LLC.

26. Deny the allegations set forth in paragraph 26 of the Complaint, except admit that Plaintiff's NASD registration was suspended in or about October 2005.

27. Deny the allegations set forth in paragraph 27 of the Complaint.

28. Deny the allegations set forth in paragraph 28 of the Complaint, except admit that CEUT, LLC granted Malik options to purchase shares of CEUT, LLC in or about 2004.

29. Deny the allegations set forth in paragraph 29 of the Complaint.

30. Deny the allegations set forth in paragraph 30 of the Complaint.

31. Deny the allegations set forth in paragraph 31 of the Complaint.

32. Deny the allegations set forth in paragraph 32 of the Complaint.

33. Deny the allegations set forth in paragraph 33 of the Complaint, except admit that effective July 16, 2007, Collins Stewart Inc. purchased all of the issued and outstanding shares of C.E. Unterberg, Towbin Holdings, Inc.

34. Deny the allegations set forth in paragraph 34 of the Complaint.

35. Deny the allegations set forth in paragraph 35 of the Complaint.

36. Deny the allegations set forth in paragraph 36 of the Complaint.

37. Deny the allegations set forth in paragraph 37 of the Complaint, except admit that after July 16, 2007, CEUT, LLC eliminated several employment positions.

38. Deny the allegations set forth in paragraph 38 of the Complaint.

39. Deny the allegations set forth in paragraph 39 of the Complaint.

40. Defendants repeat their responses to the allegations contained in paragraphs 1 through 39 of the Complaint, as their response to paragraph 40 of the Complaint.

41. Deny the allegations set forth in paragraph 41 of the Complaint.

42. Deny the allegations set forth in paragraph 42 of the Complaint.

43. Deny the allegations set forth in paragraph 43 of the Complaint.

44. Defendants repeat their responses to the allegations contained in paragraphs 1 through 39 of the Complaint, as their response to paragraph 44 of the Complaint.

45. Deny the allegations set forth in paragraph 45 of the Complaint.

46. Deny the allegations set forth in paragraph 46 of the Complaint.

47. Defendants repeat their responses to the allegations contained in paragraphs 1 through 39 of the Complaint, as their response to paragraph 47 of the Complaint.

48. Deny the allegations set forth in paragraph 48 of the Complaint.

49. Deny the allegations set forth in paragraph 49 of the Complaint.

50. Deny the allegations set forth in paragraph 50 of the Complaint.

51. Defendants repeat their responses to the allegations contained in paragraphs 1 through 39 of the Complaint, as their response to paragraph 51 of the Complaint.

52. Deny the allegations set forth in paragraph 52 of the Complaint.

53. Deny the allegations set forth in paragraph 53 of the Complaint.

54. Deny the allegations set forth in paragraph 54 of the Complaint.

55. Deny that Plaintiff is entitled to any relief, including the relief set forth in the PRAYER FOR RELIEF clause of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

56. The Complaint fails to state a claim for which the relief sought may be granted.

### SECOND AFFIRMATIVE DEFENSE

57. Plaintiff's claims against Defendants are barred on the grounds that neither Defendant was Plaintiff's "employer."

### THIRD AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

60. At all relevant times, Defendants acted in good faith and with good cause and did not violate any right which may be secured to Plaintiff under any federal, state, or local law, rule, ordinance, regulation or guideline.

### SIXTH AFFIRMATIVE DEFENSE

61. Plaintiff failed to mitigate his damages, if any.

## PRAYER FOR RELIEF

WHEREFORE, Defendants demands judgment dismissing the Complaint in its entirety and asks for their costs and disbursements in defending this action, including their reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

Dated:   February 12, 2008
         New York, New York

                                    KELLEY DRYE & WARREN LLP
                                    Attorneys for Defendants

                                    By: _____
                                        John E. Kiley (JK-1711)
                                        Christopher J. Collins (CC-3407)
                                        Craig A. Tamamoto (CT-5388)
                                    101 Park Avenue
                                    New York, New York 10178
                                    (212) 808-7800

# CERTIFICATE OF SERVICE

I, Craig A. Tamamoto, hereby certify that a copy of:

1.     Defendants' Answer

was served, by first-class mail, upon the following this 12th day of February, 2008:

    Stephen H. Kahn, Esq.
    KAHN OPTON, LLP
    One Parker Plaza
    Fort Lee, New Jersey 07024
    Attorneys for Plaintiff

_____
Craig A. Tamamoto